## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RECENT PAST PRESERVATION NETWORK, a Virginia non-profit corporation, P.O. Box 100505, Arlington, VA 22210; DION NEUTRA, 2440 Neutra Place, Los Angeles, CA 90039; and CHRISTINE MADRID FRENCH, 2422 Willard Drive, Charlottesville, VA 22903,<br><br>      Plaintiffs,<br><br>      v.<br><br>JOHN LATSCHAR, in his official capacity as SUPERINTENDENT OF GETTYSBURG NATIONAL MILITARY PARK, 97 Taneytown Rd., Gettysburg, PA 17325 DENNIS REIDENBACH, in his official capacity as ACTING DIRECTOR, NORTHEAST REGION OF THE NATIONAL PARK SERVICE, 200 Chestnut Street, Philadelphia, PA 19106; MARY BOMAR,[1] in her official capacity as DIRECTOR OF THE NATIONAL PARK SERVICE, 1849 C Street, N.W., Washington, DC 20240; DIRK KEMPTHORNE, in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240; THE NATIONAL PARK SERVICE, 1849 C Street, N.W., Washington, D.C. 20240; and THE UNITED STATES DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240,<br><br>      Defendants. | Case Number: 1:06-CV-02077-TFH<br>Judge: Thomas F. Hogan<br>Deck Type: Administrative Agency<br>              Review<br>Date Stamp: 12/05/2006<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

The United States Department of the Interior; the National Park Service; Dirk

---

[1] Federal Defendants note that the correct name of the Director of the National Park Service is Mary Bomar, not Marie Bomar.

Kempthorne, in his capacity as Secretary of the United States Department of the Interior; Mary Bomar, in her official capacity as National Park Service Director; Dennis Reidenbach, in his official capacity as Acting Director of the Northeast Region of the National Park Service; and John Latschar, in his official capacity as Superintendent of Gettysburg National Military Park (hereinafter collectively referred to as "Federal Defendants"), hereby answer, upon information and belief, the allegations contained in the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Recent Past Preservation Network, Dion Neutra, and Christine Madrid French (hereinafter collectively referred to as "Plaintiffs") as follows:

## INTRODUCTION

1. The allegations of paragraph one of the Complaint constitute Plaintiffs' characterization of their case to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation therein.

2. Federal Defendants admit the allegations of paragraph two of the Complaint to the extent that the Cyclorama Building was commissioned in conjunction with the Mission 66 program. Federal Defendants deny each and every remaining allegation contained in paragraph two of the Complaint.

3. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph three of the Complaint and, therefore, deny each and every allegation therein. Federal Defendants admit the allegations of the second sentence of paragraph three of the Complaint to the extent that the Keeper of the National Register of Historic Places determined that the Cyclorama Building is eligible for listing in the National Register of Historic Places; Federal Defendants deny each and every remaining allegation of paragraph three of the Complaint.

4. The allegations contained in paragraph four of the Complaint refer to the contents of the 1999 General Management Plan/Environmental Impact Statement (the "GMP/EIS"), which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of paragraph four of the Complaint.

5. The allegations contained in paragraph five of the Complaint refer to the contents of the GMP/EIS, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of paragraph five of the Complaint.

6. Federal Defendants deny the allegations of paragraph six of the Complaint.

7. Federal Defendants deny the allegations of paragraph seven of the Complaint.

8. Federal Defendants deny the allegations contained in the first sentence of paragraph eight of the Complaint. The allegations contained in the second sentence of paragraph eight of the Complaint constitute Plaintiffs' request for relief to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

## JURISDICTION AND VENUE

9. The allegations contained in paragraph nine of the Complaint constitute conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

10. The allegations contained in paragraph ten of the Complaint constitute Plaintiffs' request for judicial review of their case, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

11. The allegations contained in paragraph 11 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

12. The allegations contained in paragraph 12 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

13. The allegations contained in paragraph 13 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

## PARTIES

14. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first three sentences of paragraph 14 of the Complaint and, therefore, deny each and every allegation contained therein. The allegations in the remainder of paragraph 14 constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation therein.

15. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first seven sentences of paragraph 15 of the Complaint and, therefore, deny each and every allegation therein. The remaining allegations contained in paragraph 15 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

16. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first four sentences of paragraph 16 of

the Complaint and, therefore, deny each and every allegation therein. The remaining allegations contained in paragraph 16 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

17. Federal Defendants admit the allegations contained in the first sentence of paragraph 17 of the Complaint, and deny the allegations contained in the second sentence of paragraph 17 of the Complaint.

18. Federal Defendants admit the allegations contained in paragraph 18 of the Complaint, and deny the allegations contained in the second sentence of paragraph 18 of the Complaint.

19. Federal Defendants admit the allegations contained in paragraph 19 of the Complaint to the extent that Mary Bomar is the Director of the National Park Service, and deny all remaining allegations of paragraph 19 of the Complaint.

20. Federal Defendants admit the allegations contained in the first and second sentences of paragraph 20 of the Complaint, and deny the allegations contained in the third sentence of paragraph 20 of the Complaint.

21. Federal Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Federal Defendants admit the allegations contained in paragraph 21 of the Complaint.

## APPLICABLE LAW

23. The allegations contained in paragraph 23 of the Complaint refer to the contents of certain provisions of the National Environmental Policy Act, 42 U.S.C. §§ 4321, *et seq.*,

which speak for themselves, are the best evidence of their contents, and to which no response is required.

24.     The allegations contained in paragraph 24 of the Complaint refer to the contents of Section 110 of the National Historic Preservation Act, 16 U.S.C. § 470h-2, which speaks for itself, is the best evidence of its contents, and to which no response is required.

## FACTUAL BACKGROUND

25.     Federal Defendants admit the allegations in the first two sentences of paragraph 25 of the Complaint. The third sentence of paragraph 25 of the Complaint contains Plaintiffs' characterization of the Mission 66 program, to which no response is required. Federal Defendants admit the allegations contained in the fourth, fifth, sixth, seventh, and eighth sentences of paragraph 25 of the Complaint.

26.     Federal defendants admit the allegations in the first sentence of paragraph 26 of the Complaint. Federal Defendants admit the allegations contained in the second sentence of paragraph 26 of the Complaint to the extent that the Cyclorama Building was originally intended to be used for visitor services, museum exhibit space, administrative offices, and as a location to display the Cyclorama Painting, however, Federal Defendants deny that the Cyclorama Building was intended to be used as a location for lectures and speeches, a place to view the battlefield, or to serve as a commemorative monument. Federal Defendants admit the allegations contained in the third sentence of paragraph 26 of the Complaint. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained the fourth sentence of paragraph 26 of the Complaint.

27.     Federal Defendants admit the allegations contained in paragraph 27 of the Complaint to the extent that the Park Service selected Richard Neutra to design the Cyclorama

Building and that Richard Neutra served as the principal architect for the project. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 of the Complaint and, therefore deny each and every such allegation therein.

28. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and, therefore, deny each and every allegation contained therein.

29. Federal Defendants admit the allegations contained in the first sentence of paragraph 29 of the Complaint. Federal Defendants admit the allegations contained in the second sentence of paragraph 29 of the Complaint to the extent that the Park Service considered alternative locations for the Cyclorama Building before selecting its current location; Federal Defendants deny the remaining allegations contained in the second sentence of paragraph 29 of the Complaint. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third and fourth sentences of paragraph 29 of the Complaint and, therefore, deny each and every allegation contained therein.

30. The allegations contained in the first, second, third, fourth, fifth, and seventh sentences of paragraph 30 of the Complaint constitute Plaintiffs' characterization of the Cyclorama Building, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein. Federal Defendants admit the allegations contained in the sixth sentence of paragraph 30 of the Complaint.

31. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 31 of the Complaint and, therefore, deny each and every allegation contained therein. The remaining

allegations of paragraph 31 of the Complaint refer to a letter, which speaks for itself, is the best evidence of its contents, and to which no response is required.

      32.      Federal Defendants admit the allegations contained in the first sentence of paragraph 32 of the Complaint.  Federal Defendants admit the allegations of the second sentence of paragraph 32 of the Complaint to the extent that the building was completed in 1962, however, Federal Defendants deny the allegations of the second sentence of paragraph 32 of the Complaint to the extent that Dwight D. Eisenhower dedicated the building.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in the second sentence of paragraph 32 of the Complaint concerning the response of the general public regarding the Cyclorama Building; therefore, Federal Defendants deny each and every such allegation therein.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in the third sentence of paragraph 32 of the Complaint and, therefore, Federal Defendants deny each and every allegation contained therein.  Federal Defendants admit the allegations contained in the fourth sentence of paragraph 32 of the Complaint to the extent that the Cyclorama Building was used as a visitor center and provided space for administrative offices for approximately nine years.  Federal Defendants further admit the allegations contained in the fourth sentence of paragraph 32 of the Complaint to the extent that the building housed the Cyclorama Painting for over 40 years.  Federal Defendants deny each and every remaining allegation contained in paragraph 32 of the Complaint.

      33.      Federal Defendants deny the allegations contained in paragraph 33 of the Complaint.

      34.      Federal Defendants admit the allegations contained in paragraph 34 of the

Complaint to the extent that, prior to the Keeper of the National Register's designation of eligibility in 1998, the Park Service did not consider the Cyclorama Building eligible for listing on the National Register of Historic Places, a conclusion to which the Pennsylvania State Historic Preservation Office concurred. Federal Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35.     Federal Defendants admit the allegations contained in paragraph 35 of the Complaint to the extent that the Keeper of the National Register of Historic Places declared the Cyclorama Building eligible for listing in the National Register of Historic Places in 1998. Federal Defendants aver, however, that the conclusions of the Keeper speak for themselves, are the best evidence of their contents, and which require no response.

36.     Federal Defendants admit the allegations contained in paragraph 36 of the Complaint to the extent that the Park Service has prepared documents during the past ten years concerning Gettysburg National Military Park, however, aver that those documents speak for themselves, are the best evidence of their contents, and require no response; to the extent a response is required, Federal Defendants deny the allegations of paragraph 36 of the Complaint, other than those allegations specifically admitted above.

37.     The allegations contained in paragraph 37 of the Complaint refer to the contents of several Park Service documents, which speak for themselves, are the best evidence of their contents, and which require no response; to the extent a response is required, Federal Defendants deny each and every allegation therein.

38.     The allegations contained in paragraph 38 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

39. Federal Defendants deny the allegations contained in the first sentence of paragraph 39 of the Complaint. Federal Defendants admit the remaining allegations of paragraph 39 of the Complaint to the extent that: a) the Gettysburg National Military Park newsletter reported that the Cyclorama Building will be demolished; b) Superintendent Latschar notified one of the Plaintiffs of the demolition; c) Federal Defendants broke ground on a new building designed, in part, to house the Cyclorama Painting; d) a hole was cut into the Cyclorama Building; and e) the Cyclorama Building was closed to the general public on November 22, 2006. Federal Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint constitute Plaintiffs' characterization of the Park Service's management of the Cyclorama Building, to which no response is required. Federal Defendants admit the allegations contained in paragraph 40 of the Complaint to the extent that the Park Service has received comments concerning the Cyclorama Building, however, Federal Defendants aver that those comments speak for themselves, are the best evidence of their contents, and require no response; to the extent a response is required, Federal Defendants deny each and every allegation contained therein. Federal Defendants deny each and every remaining allegation contained in paragraph 40 of the Complaint.

41. Federal Defendants admit the allegations contained in paragraph 41 of the Complaint..

42. The allegations contained in the first and second sentence of paragraph 42 of the Complaint refer to a letter from Plaintiffs dated October 21, 2005, which speaks for itself, is the best evidence of its contents, and to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein. Federal

Defendants admit the allegations contained in the third sentence of paragraph 42 of the Complaint to the extent that Superintendent Latschar did not respond to Plaintiffs' October 21, 2005, letter, however, aver that the reason for not responding to the letter was because the Park Service's plans with regard to the Cyclorama Building were well-known and in the public domain.

43. Federal Defendants admit the allegations contained in paragraph 43 of the Complaint to the extent that Superintendent Latschar received messages from Plaintiffs between November 16, 2005, and December 2, 2005, and aver that the reason for not responding to the messages was because the Park Service's plans with regard to the Cyclorama Building were well-known and in the public domain. Federal Defendants deny the remaining allegations contained in paragraph 43 of the Complaint.

44. Federal Defendants admit the allegations contained in paragraph 44 of the Complaint to the extent that Mr. Jake Hoogland, Chief of the Environmental Quality Division of the Park Service, received a telephone call from Plaintiffs' counsel requesting information about the Park Service's plans regarding the Cyclorama Building and the status of the agency's NEPA compliance, and generally advising Mr. Hoogland of the contents of Plaintiffs' October 21, 2005 letter to Superintendent Latschar. Federal Defendants further admit the allegations contained in paragraph 44 of the Complaint to the extent that Mr. Hoogland responded to the telephone call of Plaintiffs' counsel by leaving a voicemail message, however, aver that the voicemail message speaks for itself, is the best evidence of its contents, and requires no response. To the extent a response is required, Federal Defendants deny each and every allegation contained therein. Federal Defendants deny all remaining allegations contained in paragraph 44 of the Complaint, other than to admit that Mr. Hoogland did not initiate any contact with Plaintiffs' counsel

beyond the voicemail message he left for Plaintiffs' counsel.

45.   The allegations contained in the first and second sentence of paragraph 45 of the Complaint refer to a letter from Plaintiffs dated December 5, 2005, which speaks for itself, is the best evidence of its contents, and to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.  Federal Defendants admit the allegations contained in the third sentence of paragraph 45 of the Complaint to the extent that Superintendent Latschar did not respond to Plaintiffs' December 5, 2005, letter, however, aver that the reason for not responding to the letter was because the Park Service's plans with regard to the Cyclorama Building were well-known and in the public domain.  Federal Defendants deny the remaining allegations contained in paragraph 45 of the Complaint.

46.   Federal Defendants admit the allegations contained in paragraph 46 of the Complaint to the extent that Mr. Hoogland received a telephone message from Plaintiffs and that the Park Service did not respond to that message because the Park Service's plans with regard to the Cyclorama Building were well-known and in the public domain.  Federal Defendants deny each and every remaining allegation contained in paragraph 46 of the Complaint.

47.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint and, therefore, deny each and every allegation contained therein.

48.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint and, therefore, deny each and every allegation contained therein.

49.   Federal Defendants admit the allegations contained in paragraph 49 of the

-12-

Complaint to the extent that Superintendent Latschar received a letter from Plaintiff Chrstine Madrid French dated September 18, 2006, however, aver that the letter speaks for itself, is the best evidence of its contents, and requires no response.  To the extent a response is required, Federal Defendants deny each and every allegation contained therein, other than to admit that Superintendent Latschar did not respond to Plaintiff French's letter because the Park Service's plans with regard to the Cyclorama Building were well-known and in the public domain.

   50. The allegations contained in paragraph 50 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

   51. The allegations contained in paragraph 51 of the Complaint refer to a request, dated October 16, 2006, made by Plaintiffs and submitted to the Park Service pursuant to the Freedom of Information Act, 5 U.S.C. § 552, which speaks for itself, is the best evidence of its contents, and which requires no response.  To the extent a response is required, Federal Defendants deny each and every allegation contained therein.

   52. The allegations contained in paragraph 52 of the Complaint refer to a letter from the Park Service to Plaintiffs' counsel dated November 8, 2006, which speaks for itself, is the best evidence of its contents, and to which no response is required.  To the extent a response is required, Federal Defendants deny each and every allegation contained therein.

   53. The allegations contained in paragraph 53 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every such allegation contained therein.

   54. The allegations contained in paragraph 54 of the Complaint constitute conclusions of law and Plaintiffs' characterization of their action, to which no response is required.  To the

extent a response is required, Federal Defendants deny each and every such allegation contained therein.

55. The allegations contained in paragraph 55 of the Complaint consist of Plaintiffs' characterization of their action, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

## VIOLATIONS OF LAW

## COUNT I

## Violation of the National Environmental Policy Act § 102(2)(C), 42 U.S.C. § 4332(2)(C): Failure to Prepare an Environmental Impact Statement

56. Federal Defendants hereby incorporate their responses to the allegations contained in paragraphs one through 55 of the Complaint as if fully set forth herein.

57. The allegations contained in paragraph 57 of the Complaint refer to NEPA and its implementing regulations, which speak for themselves, are the best evidence of their contents, and to which no response is required.

58. The allegations contained in paragraph 58 of the Complaint constitute a conclusion of law, to which no response is required.

59. The allegations contained in paragraph 59 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

60. Federal Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Federal Defendants deny the allegations contained in paragraph 61 of the Complaint.

**COUNT II**

**Violation of the National Environmental Policy Act 102(2)(E), 42 U.S.C. § 4332(2)(E), and of the Council on Environmental Quality's Regulations Implementing the National Environmental Policy Act, 40 C.F.R. §§ 1501.3 and 1501.4:**

**Failure to Prepare an Environmental Assessment**

62.     Federal Defendants hereby incorporate by reference their responses to the allegations contained ni paragraphs one through 61 of the Complaint as if full set forth herein.

63.     The allegations contained in paragraph 63 of the Complaint refer to a provision of NEPA and two of its implementing regulations, all of which speak for themselves, are the best evidence of their contents, and to which no response is required.

64.     The allegations contained in the first sentence of paragraph 64 of the Complaint refer to the contents of a provision of the National Park Service Director's Order 12 Handbook, which speaks for itself, is the best evidence of its contents, and to which no response is required. Federal Defendants admit the allegations contained in the second and third sentences of paragraph 64 of the Complaint, however, aver that the GMP/EIS included a NEPA analysis concerning the removal of the Cyclorama Building. The allegations contained in the fourth sentence of paragraph 64 of the Complaint constitute a conclusion of law, and, therefore, require no response; to that extent a response is required, Federal Defendants deny each and every allegation contained therein.

65.     The allegations contained in paragraph 65 of the Complaint refer to NEPA and its implementing regulations, which speak for themselves, are the best evidence of their contents, and to which no response is required.

66.     The allegations contained in paragraph 66 of the Complaint constitute conclusions

of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

67. The allegations contained in paragraph 67 of the Complaint refer to the contents of NEPA and its implementing regulations, to which no response is required.

68. Federal Defendants admit the allegations contained in paragraph 68 of the Complaint, however, aver that the Park Service did conduct a NEPA analysis of the removal of the Cyclorama Building in the GMP/EIS.

69. Federal Defendants deny the allegations contained in paragraph 69 of the Complaint.

## COUNT III

### Violation of the National Environmental Policy Act 102(2)(C)and (E), 42 U.S.C. 4332(2)(C) and (E):

### Failure to Adequately Analyze Alternatives

70. Federal Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs one through 69 as if fully set forth herein.

71. The allegations contained in paragraph 71 of the Complaint refer to NEPA and its implementing regulations, which speak for themselves, are the best evidence of their contents, and to which no response is required.

72. The allegations in paragraph 72 of the Complaint constitute conclusions of law, to which no response is required.

73. The allegations contained in paragraph 73 of the Complaint refer to NEPA and its implementing regulations, which speak for themselves, are the best evidence of their contents, and to which no response is required.

74. Federal Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Federal Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. The allegations contained in paragraph 76 of the Complaint constitute conclusions of law, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

## COUNT IV

### Violation of the National Historic Preservation Act 110, 16 U.S.C. 470h-2: Failure to Properly Use and Preserve Available Historic Properties

77. Federal Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs one through 76 of the Complaint as if fully set forth herein.

78. The allegations contained in paragraph 78 of the Complaint refer to the requirements of the National Historic Preservation Act, which speaks for itself, is the best evidence of its contents, and to which no response is required.

79. The allegations contained in paragraph 79 of the Complaint refer to the requirements of the National Historic Preservation Act, which speaks for itself, is the best evidence of its contents, and to which no response is required.

80. The allegations contained in paragraph 80 of the Complaint refer to the requirements of the National Historic Preservation Act, which speaks for itself, is the best evidence of its contents, and to which no response is required.

81. Federal Defendants admit the allegations contained in paragraph 81 of the Complaint.

82. Federal Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Federal Defendants deny the allegations contained in paragraph 83 of the Complaint.

## COUNT V

### Violation of the National Historic Preservation Act 110, 16 U.S.C. 470h-2:

### Failure to Establish an Adequate Preservation Program

84. Federal Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs one through 83 of the Complaint as if full set forth herein.

85. The allegations contained in paragraph 85 of the Complaint refer to the requirements of the National Historic Preservation Act, which speaks for itself, is the best evidence of its contents, and to which no response is required.

86. Federal Defendants admit the allegations contained in paragraph 86 of the Complaint.

87. Federal Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. The remainder of Plaintiffs Complaint constitutes Plaintiffs' Prayer for Relief, to which no response is required; to the extent a response is required, Federal Defendants deny each and every allegation contained therein.

89. Federal Defendants deny each and every allegation of the Complaint that has not herein been specifically admitted or denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims under NEPA and the NHPA are barred by the applicable statute of

limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims should be barred under the doctrine of laches.

WHEREFORE, Federal Defendants respectfully request that Plaintiffs' Complaint be dismissed, and that Federal Defendants be granted such other and further relief as this Court may deem just and proper with costs taxed in favor of Federal Defendants.

Dated: February 5, 2006                              Respectfully submitted,

/s/ CAROLINE M. BLANCO
CAROLINE M. BLANCO
D.C. Bar No. 430118
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone:  (202) 305-0248
Fax:  (202) 305-0267
E-mail: caroline.blanco@usdoj.gov

Of Counsel:

MARTHA F. ANSTY
Attorney
Office of the Solicitor, N.E. Region
U.S. Department of the Interior
Winston Prouty Federal Building
11 Lincoln Street
Essex Junction, VT 05452
Telephone:  (802) 872-0629
Fax:  (802) 872-9704