# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RECENT PAST PRESERVATION NETWORK, a Virginia non-profit corporation, P.O. Box 100505, Arlington, VA 22210; DION NEUTRA, 2440 Neutra Place, Los Angeles, CA 90039; and CHRISTINE MADRID FRENCH, 2522 Willard Drive, Charlottesville, VA 22903, <br><br>      Plaintiffs, <br><br>      v. <br><br>JOHN LATSCHAR in his official capacity as SUPERINTENDENT OF GETTYSBURG NATIONAL MILITARY PARK, 97 Taneytown Rd., Gettysburg, PA 17325; DENNIS REIDENBACH in his official capacity as ACTING DIRECTOR, NORTHEAST REGION OF THE NATIONAL PARK SERVICE, 200 Chestnut Street, Philadelphia, PA 19106; MARY BOMAR in her official capacity as DIRECTOR OF THE NATIONAL PARK SERVICE, 1849 C Street, N.W., Washington, D.C. 20240; DIRK KEMPTHORNE in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240; THE NATIONAL PARK SERVICE, 1849 C Street, N.W., Washington, D.C. 20240; and THE UNITED STATES DEPARTMENT OF THE INTERIOR, 1849 C Street, N.W., Washington, D.C. 20240, <br><br>      Defendants. | Case Number.: 1:06-CV-02077-TFH <br> Judge: Thomas F. Hogan <br> Deck Type: Administrative Agency Review <br> Date Filed: 12/05/2006 <br><br> REPLY IN SUPPORT OF MOTION TO AUGMENT RECORD, OR IN THE ALTERNATIVE, FOR JUDICIAL NOTICE |

# TABLE OF CONTENTS

**Page**

**Introduction** ........................................................................................................................ 2

**Argument** ............................................................................................................................. 2

1. **Augmentation of the Record** ........................................................................................ 2

    A.    **Declarations of Jerry Matyiko, Robert Shoaff, and David McIlnay** ............ 4

    B.    **Declaration of Matthew G. Adams** ............................................................... 5

    C.    **Declaration of Christine Madrid French** ..................................................... 6

    D.    **Declarations of Dion Neutra and Nicholas C. Yost** ..................................... 6

2. **Judicial Notice** ............................................................................................................. 7

**Conclusion** ........................................................................................................................... 7

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ad Hoc Metals Coalition v. Whitman*,
   227 F. Supp. 2d 134, 137 (D.D.C. 2002) ........................................................... 3, 4, 5, 6
*Delano v. Roche*,
   391 F. Supp. 2d 79 (D.D.C. 2005) ...................................................................... 3, 4, 5
*Esch v. Yeutter*,
   876 F.2d 976 (D.C. Cir. 1989) ........................................................................... 3, 4, 6
*Humane Social of the U.S. v. DOC*,
   432 F. Supp. 2d 4 (D.D.C. 2006) ........................................................................ 3, 4, 5
*Izaak Walton League of America v. Marsh*,
   655 F.2d 346 (D.C. Cir. 1981) ................................................................................... 3
*Lake Pilots Association v. United States Coast Guard*,
   257 F. Supp. 2d 148 (D.D.C. 2003) ........................................................................... 4
*Melong v. Micronesian Claims Commission*,
   643 F.2d 10 (D.C. Cir. 1980) ..................................................................................... 7
*National Audubon Society v. Hoffman*,
   132 F.3d 7 (2nd Cir. 1997) ......................................................................................... 3
*National Trust for Historic Preservation v. Blanck*,
   938 F. Supp. 908 (D.D.C. 1996), *aff'd* 203 F.3d 53 (D.C. Cir. 1999) ................. 3, 5, 6
*Pacific Shores Subdivision v. U.S. Army Corps of Engineers*,
   448 F. Supp. 2d 1 (D.D.C. 2006) ............................................................................... 3
*Southern Utah Wilderness Alliance v. Norton*,
   277 F. Supp. 2d 1169 (D.Utah 2003) ..................................................................... 5, 6

### FEDERAL STATUTES

Fed. R. Evid. 201 ............................................................................................................ 7

**Introduction**

As demonstrated in the moving papers of Plaintiffs Recent Past Preservation Network, Christine Madrid French, and Dion Neutra ("Plaintiffs"), augmentation of the record is essential for this Court to properly analyze whether the National Park Service failed to comply with the National Environmental Policy Act (NEPA) and the National Historic Preservation Act (NHPA) before deciding to demolish the historic Gettysburg Cyclorama Center.  As explained below, the Federal Defendants' ("Defendants") effort to preclude this Court from reviewing such documents fails.

**Argument**

**1.     Augmentation of the Record**

Defendants claim that "evidence challenging the merits and propriety of the agency's decision may not be considered by the reviewing court unless it is part of the administrative record."  (Def. Opp. 3.)  Defendants' primary argument is that the documents Plaintiffs proffer purportedly post-date the Park Service's decision to demolish the Cyclorama Center, and therefore should not be included in the administrative record.  Their argument is specious.

Defendants ignored the plain language of the Complaint (not to mention several collegial requests), and prepared the administrative record as if this case were a direct challenge to the GMP/EIS rather than a challenge to the Park Service's failure to prepare an implementation-level NEPA analysis of the demolition of the Cyclorama Center.  Plaintiffs' Complaint at 30-32 (invalidation of GMP/EIS not requested); Plaintiffs' Motion for Summary Judgment at 2-3 ("this case is not about [the GMP/EIS]").  Now, Defendants react with mock surprise and indignation to any arguments, documents, or events which post-date the GMP/EIS and ROD.  *See* Def. Motion at 35-36.  Defendants have buried their heads in the sand in an effort to avoid Plaintiffs'

questions, proposals, and claims about the Cyclorama Center.  They cannot now claim that the documents essential for judicial review of those claims are beyond the view of this Court.

Moreover, as Plaintiffs explained in their moving papers, the courts of this Circuit have consistently recognized that supplementation of the record is appropriate in National Environmental Policy Act cases such as this one.  *See generally Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).  Indeed, "NEPA imposes a duty on federal agencies to compile a comprehensive analysis of the potential environmental impacts of its proposed action, and review of whether the agency's analysis has satisfied this duty often requires a court to look at evidence outside the administrative record."  *National Audubon Society v. Hoffman*, 132 F.3d 7, 14-15 (2nd Cir. 1997); *see also Humane Soc. of the U.S. v. DOC,* 432 F. Supp. 2d 4, 14 (D.D.C. 2006).  Thus, "[a]llegations that an [agency] fail[ed] to consider serious environmental consequences or realistic alternatives," such as Plaintiffs claims here, "raise issues sufficiently important to warrant introduction of new evidence in the District Court."  *Izaak Walton League of Am. v. Marsh*, 655 F.2d 346, 369 n. 56 (D.C. Cir. 1981).  Moreover, this Court has extended the NEPA rationale for allowing augmentation to cases brought pursuant to the NHPA.  *See National Trust for Historic Preservation v. Blanck*, 938 F. Supp. 908, 916 n. 10 (D.D.C. 1996) (granting supplementation in a NHPA action), *aff'd* 203 F.3d 53 (D.C. Cir. 1999).

Defendants have no response.  Instead, they attempt to draw a false distinction between a motion to augment and one for mere consideration of extra-record materials.  (Def. Opp. 3-5.)  This is a distinction without a difference.  Defendants rely upon *Pacific Shores Subdivision v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1 (D.D.C. 2006), which has never been followed.  Neither the cases cited by *Pacific Shores*, nor any other court in this Circuit, has drawn any distinction between "supplementation" and "extra-record consideration."  *See, e.g., Esch,* 876 F.2d at 991; *Fund for Animals*, 391 F. Supp. 2d at 197; *see also Ad Hoc Metals Coalition v.*

*Whitman*, 227 F. Supp. 2d 134, 137 (D.D.C. 2002); *Humane Society of the United States v. Department of Commerce*, 432 F. Supp. 2d 4, 14 (D.D.C. 2006); *Delano v. Roche*, 391 F. Supp. 2d 79, 88 (D.D.C. 2005); *Lake Pilots Assoc. v. United States Coast Guard*, 257 F. Supp. 2d 148, 165 (D.D.C. 2003). As such, this supposed distinction, both in law and in practical application, is a red herring that has no relevance here.

Finally, Defendants persist in the fiction that Plaintiffs' claims do not concern agency "inaction" by pretending they have already complied with NEPA and NHPA. (Def. Opp. 5.) Not so. This case is about a document the Park Service has not yet prepared—namely, an analysis which describes the agency's proposed demolition of the Cyclorama Center; identifies and evaluates the significance of any environmental impacts of demolition; discusses alternative means of removing the Cyclorama Center from its current location (e.g., moving the building); analyzes the maximum feasible re-use of the Cyclorama Center; and includes a program for preserving the Cyclorama Center in a manner consistent with NHPA *See Esch*, 876 F.2d at 991 (augmentation proper "where agencies are sued for failure to take action").

For all of the above reasons, this Court should grant the instant motion to augment or alternatively, take judicial notice of Plaintiffs' evidence.

### A.    Declarations of Jerry Matyiko, Robert Shoaff, and David McIlnay

Defendants claim these declarations "should be disregarded as impermissible attempts to engage in a 'battle of the experts.'" (Def. Opp. 7-8.) However, Plaintiffs do not offer these expert declarations to dispute the opinions of the Park Service's experts, but rather, to explain the existence and feasibility of potential alternatives to demolition of the Cyclorama Center. Moreover, expert declarations may be readily added to the administrative record where they are "directly related" to the decision in agency question. *Ad Hoc Metal Coalition¸* 227 F. Supp. 2d at 139. In so deciding, the court in *Ad Hoc Metal Coalition* rejected the agency's argument that

supplementation was only appropriate for those documents which it "relied upon." *Id.* at 139. *See also National Trust for Historic Preservation v. Blanck*, 938 F.Supp. 908, 916 n.10 (D.D.C. 1996), *aff'd* 203 F.3d 53 (D.C. Cir. 1999) (unpublished *per curiam* opinion) (rejecting agency's argument that "under the APA the Court cannot consider information that was not before the agency at the time the decision was made" and reviewing the plaintiffs' multiple affidavits). Since Plaintiffs' experts provide opinions and analysis "directly related" to the propriety of the Park Service's decision to demolish the Cyclorama Center, the Court should supplement the record with the Matyiko, Shoaff and McIlnay declarations.

### B.  Declaration of Matthew G. Adams

Contrary to Defendants' contention, the documents attached to the Adams declaration fall within multiple recognized exceptions to the record-review doctrine. *See infra*, Argument, Part 1. Plaintiffs' FOIA requests and the Park Service's responses bear directly upon the Park Service's plans for the Cyclorama Center and its post-GMP lack of compliance with NEPA and NHPA. *Southern Utah Wilderness Alliance v. Norton*, 277 F. Supp. 2d 1169, 1175-76 (D.Utah 2003) (request to supplement administrative record granted where materials "shed light on whether the [agency] appropriately evaluated the mitigation measures"). Letters between Plaintiffs' attorneys and Superintendent John Latschar are likewise directly relevant to the Park Service's failure to take action required under NEPA and NHPA. *Delano*, 391 F.Supp.2d at 89 (referencing Federal Rule of Evidence 401 definition of relevancy as the touchstone for determining whether to include any particular document to administrative record); *Humane Society of the United States*, 432 F.Supp.2d at 14-15 (augmenting record with agency's letter to plaintiff organization where letter had "direct bearing on the correctness of the agency's decision"). Accordingly, this Court should supplement the record with the Adams declaration and its attached exhibits.

### C. Declaration of Christine Madrid French

The French declaration, letters and exhibits are critical to determining whether the Park Service complied with NEPA and NHPA before deciding to demolish the Cyclorama Center. *See Esch*, 876 F.2d at 991 (effective judicial review requires "resort to extra-record information . . . in cases where evidence arising after the agency action shows whether the decision was correct or not; [] in cases where agencies are sued for a failure to take action; [and] in cases arising under the National Environmental Policy Act"). Plaintiffs challenge neither the ROD nor the GMP/EIS. Thus, it is irrelevant that these documents post-date the ROD. See Def. Opp. 11-12. Nor would it matter if the materials submitted by Ms. French post-dated the Park Service's **actual** decision to demolish the Cyclorama Center. *See Ad Hoc Metals Coalition*, 227 F. Supp. 2d at 140 (augmenting record with materials that came to light after comment period had ended); *National Trust for Historic Preservation*, 938 F.Supp at 916 n.10 (augmenting record with affidavits documenting the deteriorating condition of historic district following the agency's various decisions affecting that district); *Southern Utah Wilderness Alliance*, 277 F. Supp. 2d at 1175-76 (physical evidence and photographs of the disputed area ordered to supplement administrative record). Thus, the record should be supplemented with the French materials.

### D. Declarations of Dion Neutra and Nicholas C. Yost

Although Plaintiffs declined to highlight the Neutra and Yost declarations in their moving papers, they nonetheless moved to augment the administrative record with both declarations. Each declaration speaks to the Park Service's plans for the Cyclorama Center and post-GMP compliance with NEPA and NHPA. As such, each declaration qualifies under at least three of the recognized exceptions — agency correctness, inaction and compliance with NEPA — and should be added to the record. *See infra*, Argument, Part 1.

**2.     Judicial Notice**

Defendants fail to oppose Plaintiffs' request for judicial notice, tacitly acknowledging that the evidence at issue is generally known within the territorial jurisdiction of the trial court and/or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201; *Melong v. Micronesian Claims Commission*, 643 F.2d 10, 12 n5 (D.C. Cir. 1980).  Accordingly, if this Court declines to augment the record with the documents listed above, Plaintiffs respectfully renew their request that it take judicial notice of the contents of those documents.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Augment the Administrative Record, or alternatively, grant their Request for Judicial Notice of the above-referenced documents.

Respectfully submitted,

_/S/_
Nicholas C. Yost (USDC-DC Bar No. 968289)[1]
Matthew G. Adams (CA Bar No. 229021)
Bonnie Lau (CA Bar No. 246188)
SONNENSCHEIN NATH & ROSENTHAL LLP
Attorneys for Plaintiffs
525 Market Street
26th Floor
San Francisco, CA  94105-2708
Telephone: (415) 882-5000
Facsimile:  (415) 882-0300

---

[1] Mr. Yost is admitted to practice before this court (USDC-DC Bar No. 968289).  Mr. Yost is admitted to the District of Columbia Bar, but his membership is inactive.  Mr. Yost is an active member of the California Bar and practices under that membership (Bar. No. 35297).

- 7 -